07-2234-cr
United States v. Waithe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of May, two thousand ten.

PRESENT:  REENA RAGGI,
          RICHARD C. WESLEY,
          PETER W. HALL,
                    *Circuit Judges.*

-----------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

          v.                                        No. 07-2234-cr
                                                    NAC
MICHAEL D. WAITHE,
                    *Defendant-Appellant.*
-----------------------------------------------------------------------------------

FOR APPELLANT:      Kim P. Bonstrom, Bonstrom & Murphy, Shelter Island, New York.

FOR APPELLEE:       Kathleen M. Mehltretter, United States Attorney, Joseph J. Karaszewski, Assistant United States Attorney, Western District of New York, Buffalo, New York.

Appeal from the United States District Court for the Southern District of New York

(William M. Skretny, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the judgment entered on May 21, 2007, is VACATED, and the case is REMANDED.

Defendant Michael DaCosta Waithe was convicted, after a jury trial, of attempted entry into the United States after having been deported for an aggravated felony conviction. See 8 U.S.C. § 1326(a). He now appeals from his sentence of sixty-three months' imprisonment and three years' supervised release. We assume the parties' familiarity with the facts and record of prior proceedings.

In denying both counsel's motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and the government's motion for summary affirmance, we ordered the parties to brief the issue of whether Waithe's prior escape conviction under 18 U.S.C. § 751 constitutes a "crime of violence" triggering a sixteen-level enhancement in Waithe's offense level under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The parties now agree that it does not.

Section 2L1.2(b)(1)(A)(ii) defines a "crime of violence" as, inter alia, "any . . . offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2(b)(1), cmt. n.1(B)(iii). The federal escape statute, 18 U.S.C. § 751, contains no such element. At the government's urging, the district court relied on Canada v. Gonzales, 448 F.3d 560, 570 (2d Cir. 2006), where this court noted that escape is a crime of violence under 18 U.S.C. § 16(b). That definition is broader, however, than the relevant Guidelines definition because it also includes a crime that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18

2

U.S.C. § 16(b). While Waithe's escape inherently involved a substantial risk of physical force, the crime of conviction did not contain a physical force element.

Accordingly, we are obliged to identify procedural error in the challenged sentence. See Gall v. United States, 552 U.S. 38, 51 (2007) (instructing appeals courts to "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range"); accord United States v. Jones, 531 F.3d 163, 170 (2d Cir. 2008). We do not, however, foreclose the district court from considering Waithe's escape in its review of factors pursuant to 18 U.S.C. § 3553(a) or in its discretionary decision whether to impose a non-Guidelines sentence.

We, therefore, VACATE the sentence and REMAND for re-sentencing consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court